**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **LEE BIRDWELL BLACK,** § | |
|     **Plaintiff,** § | |
| v. § | Civil Action No. 3:15-CV-4059-G-BK and |
| § | Civil No. 3-16-CV-000255-G-BK |
| **C. NIXON, A. MENDOZA, JOHN** § | (Consolidated into 3:15-CV-4059) |
| **DOES 1-3, JANE DOES 1-3, et al.,** § | |
|     **Defendants.** § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the *Special Order 3*, this case was automatically referred for pretrial management. On December 23, 2015, Plaintiff filed this *pro se* action pursuant to 42 U.S.C. §§ 1983 & 1988, alleging violations of her First, Fourth, Fifth, and Fourteenth Amendment rights. Doc. 3 at 2, 5. For the reasons that follow, it is recommended that Plaintiff's claims against all Defendants be **DISMISSED WITHOUT PREJUDICE** for want of prosecution and this case be closed.

Having paid the $400.00 filing fee, Plaintiff is responsible to effect service of process as required by Rule 4 of the Federal Rules of Civil Procedure. As of the date of this order, it appears that none of the 22 Defendants listed in the caption of her complaint have been served with summons and a copy of her complaint. While most of the named Defendants have not appeared in the case, several Defendants have moved to dismiss Plaintiff's complaint, namely (1) Barry Stevens; (2) Kimpton Hotel & Restaurant Group; (3) Nancy Leech Birdwell; and (4) Gary Lon Redmond, II (collectively, "the Stevens Defendants"). The Court will undertake consideration of the case as it relates to the two groups of Defendants separately.

**1. 18 Unserved Defendants ("Non-appearing Parties")**

Pursuant to Federal Rule of Civil Procedure 4(c), if a plaintiff does not serve a defendant within 120 days after the complaint is filed, the court must – after notice to the plaintiff – dismiss the action without prejudice against that defendant or order that service be made within a specified time.  FED. R. CIV. P. 4(m).  Under Texas law, an action is commenced when a petition is filed.  *See* TEX. R. CIV. P. 22; *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000).  Plaintiff thus had until April 22, 2016 to serve the Non-appearing Parties, but she did not do so.

Subsequently, the Court ordered Plaintiff to effectuate proper service of the complaint and summons by June 14, 2016.  Doc. 19.  The undersigned warned Plaintiff that her failure to file proof of service by that date would result in her case being dismissed without prejudice and without further notice.  As of the date of this recommendation, Plaintiff has not served her complaint and summons on the Non-appearing Parties or demonstrated good cause for her failure to do so.  Accordingly, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** as to the 18 Non-appearing Parties.

**2. The Stevens Defendants**

Although Plaintiff also did not serve the Stevens Defendants, they waived any objection regarding defective service of process by moving to dismiss Plaintiff's complaint without raising that defense.  FED. R. CIV. P. 12(h)(1) (providing that failure to file a motion or responsive pleading raising, *inter alia*, defective service of process constitutes waiver of that defense); *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 214 n.15 (5th Cir. 2005) ("Filing an answer to the complaint without objecting to service of process does . . . waive a defendant's right to object to service of process.").

The Stevens Defendants nevertheless are still entitled to dismissal of Plaintiff's complaint. Each of them filed a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6). Doc. 5; Doc. 10; Doc. 11. When Plaintiff did not respond to either of the motions, the Court ordered her to file a response no later than May 6, 2016 if she was opposed to the relief sought.[1] Despite the Court's order, Plaintiff again has failed to respond.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to respond to the Stevens Defendants' dismissal motions and failed to comply with this Court's order. Accordingly, this action is subject to dismissal without prejudice for lack of prosecution and for failure to comply with a Court order.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case. *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Here, the statute of limitations on Plaintiff's civil rights claims expired on December 27, 2015, almost two years after the incident in question occurred and four days after Plaintiff filed her complaint. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015) (holding that section 1983 actions are governed by the state statute of limitations for personal injury actions, which in Texas is two

---

[1] Shortly after the Court's order was entered, another Defendant, Gary Lon Redmond, moved to dismiss Plaintiff's case. Doc. 17. Plaintiff also did not respond to that motion despite having been given previous notice that failing to respond to motions to dismiss could lead to the dismissal of her case. As such, Redmond's motion to dismiss should be granted for the reasons set forth *infra*.

years).  Because Plaintiff thus would be time-barred from filing a future complaint based on the actions underlying this lawsuit, dismissal of her claims without prejudice would have the same effect as a dismissal with prejudice.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action with prejudice for failure to prosecute or comply with the rules of civil procedure.  A Rule 41(b) dismissal also is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and the court finds that lesser sanctions would not suffice.  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (treating involuntary dismissal of Title VII case for failure to prosecute as dismissal with prejudice where plaintiff was time barred from reasserting the claim); *Callip v. Harris Cty. Child Welfare Dept.*, 757 F.2d 1513, 1519-21 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).  In addition, the court generally must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'"  *Berry*, 975 F.2d at 1191 (quotation omitted).

Here, there is a clear record of delay.  This case has been pending for over six months with not one Defendant having been served with a summons and complaint.  Additionally, after Plaintiff failed to timely respond to any of the Stevens Defendants' motions to dismiss, Plaintiff did not heed the Court's subsequent order to respond if she was opposed to dismissal.  Doc. 13.  Moreover, despite yet another order of this Court, Plaintiff failed to effectuate service of process on the Non-appearing Parties even after being warned that her case was subject to dismissal if she did not comply.  Doc. 19.  The undersigned has no evidence but that Plaintiff's failure to comply with the Court's orders is intentional.  Indeed, she has not filed a single document since her case was docketed.  Because Plaintiff is proceeding *pro se*, the delay caused by her refusal to

comply with the Court's order is attributable to her alone.  See Berry, 975 F.2d at 1191.  In light of these facts, no lesser sanction will prompt diligent prosecution of this case.  Accordingly, the district court should exercise its discretion to dismiss this action as to the Stevens Defendants under Rule 41(b) even if limitations may prevent further litigation of Plaintiff's civil rights claims.

For the foregoing reasons, that this action be **DISMISSED WITHOUT PREJUDICE** for want of prosecution as to all Defendants, and that the Stevens Defendants' motions to dismiss, Doc. 5, 10, 11, and 17, be **TERMINATED AS MOOT.**

**SO RECOMMENDED** on July 5, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE